# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON SPATES, | ) | CASE NO. 1:16CV1262 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | |
| | ) | |
| SHAE HARRIS, WARDEN | ) | MEMORANDUM OPINION |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Thomas M. Parker. The Report and Recommendation (ECF #12), submitted on September 13, 2017, is hereby ADOPTED by this Court. As such, Petitioner's 28 U.S.C. § 2254 habeas corpus petition (ECF # 1) is DENIED.

## Procedural and Factual Background

This case stems from an altercation that occurred in the evening of July 29, 2013 on the east side of Cleveland. During the altercation, gunfire erupted and one man was shot. Witnesses testified that during the course of the incident, Petitioner was waving around a firearm, shouting obscenities, and threatening others. (Id. at 3). In August 2013, the Cuyahoga County Grand Jury indicted Petitioner on seven counts related to the incident: two counts of aggravating menacing; two counts of felonious assault; one count of discharge of a firearm on or near prohibited premises; one count of having weapons under a disability; and one count of tampering with evidence. (ECF #12 at p. 8).

There was no direct evidence showing that Petitioner was the person who shot the victim and the victim testified that he did not believe Petitioner shot him. (Id.). However, Petitioner was charged with felonious assault in relation to the harm to the gunshot victim under the theory of natural consequences and intervening causes. (Id. at 22 ). Petitioner waived his right to a jury trial on the weapon under disability charge and the trial court found Petitioner guilty of the charge. (Id. at 8-9). Petitioner went to trial for the remaining charges on November 18, 2013. On November 25, 2013, a jury found Petitioner not guilty of discharge of a firearm on or near a prohibited premises, but guilty of a third degree felony lesser included offense. (Id. at 8). The jury found Petitioner not guilty of one felonious assault charge, but was found guilty on the remaining charges, including another charge of felonious assault. (Id.) On December 30, 2013, the trial court sentenced Petitioner to a total of 15.5 years in prison. (Id. at 9).

Following conviction and sentencing, Petitioner, through counsel, filed a timely notice of appeal in the Ohio Eighth District Court of Appeals. (Id.) Petitioner raised three assignments of error on appeal:

1) Appellant's convictions are against the manifest weight of the evidence.

2) The evidence was insufficient to sustain a finding of guilt because the State failed to present evidence to establish beyond a reasonable doubt the elements necessary to support the convictions.

3) Trial court erred in permitting testimony of tests performed on a firearm and for permitting them as an exhibit.

On March 19, 2015, the Eighth District Court of Appeals affirmed the judgment of the trial court and upheld the conviction. (Id. at 10). Petitioner then filed a timely *pro se* notice of appeal to the Ohio Supreme Court where he asserted three propositions of law:

> 1) Whether the court loss [*sic*] its way concerning the [m]anifest [w]eight of [t]he [e]vidence.
>
> 2) Whether the court lost its wat [*sic*] concerning the [s]ufficiency [o]f [t]he [e]vidence.
>
> 3) Whether the court lost its wat [*sic*] concerning the [p]encil [t]est.

(Id. at 10). On July 22, 2015, the Ohio Supreme Court declined to accept jurisdiction of Petitioner's appeal. (Id.).

On October 23, 2015, Petitioner filed a *pro se* "Motion for Transcripts on the Authority of *Gunner v. Welch*" in the Ohio Court of Appeals. (Id.) The Ohio Court of Appeals denied this motion because Petitioner's direct appeal was concluded and because post-conviction relief relies on evidence outside the trial-court record. (Id.).

On December 28, 2015, Petitioner filed an affidavit of disqualification in the Ohio Supreme Court seeking to disqualify all of the Ohio Eighth District Court of Appeals judges. On January 4, 2016, the Ohio Supreme Court denied Petitioner's affidavit of disqualification. (Id.)

On July 1, 2016, Petitioner filed *pro se* the present petition for federal habeas relief. (ECF # 1). This petition raises one ground for relief:

> There was no physical evidence. There was no gun shot residue test conducted. There was no shell casings recovered from the scene or from the vehicle. The victim testified that the defendant didn't shoot him. There was [sic] no fingerprints or D.N.A. found on the weapon recovered the next morning.

(Id.). On July 1, 2016, Respondent answered Petitioner's habeas complaint. (ECF # 9). On August 1, 2016, Petitioner filed a traverse. (ECF # 11).

Pursuant to 28 U.S.C. § 636 and Local Rule 72.2, this matter was referred to Magistrate Judge Thomas M. Parker for the preparation of a report and recommendation. Magistrate Judge

3

Parker issued his Report and Recommendation on September 13, 2017, recommending that Petitioner's Writ of Habeas Corpus be denied. (ECF # 12 at p. 24). Objections to the Report and Recommendation were to be filed within 14 days of service. On October 2, 2017, Petitioner filed an objection to the Report and Recommendation. (ECF # 16).

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Accordingly, this Court will review the Report and Recommendation, to which timely objections have been filed, de novo. *See Dacas Nursing Support Sys., Inc. v. NLRB*, 7 F.3d 511 (6th Cir. 1993).

**Analysis**

The Court has reviewed the Report and Recommendation, and all of the pleadings, affidavits, motions and filings of the parties de novo, and agrees with the findings of Magistrate Judge Parker. The Report and Recommendation of Magistrate Judge Parker (ECF # 12) is ADOPTED. Petitioner's 28 U.S.C. § 2254 habeas corpus petition (ECF # 1) is DENIED.

Petitioner's sole ground for relief is that his felonious assault conviction was not supported by sufficient evidence. When addressing Petitioner's claim of insufficient evidence, the Magistrate

4

Judge found this Court is required to apply deference to the decisions of the trier of fact and state court of appeals. A federal court sitting in habeas corpus is bound by a state appellate court's interpretation of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

The state court of appeals acknowledged that "there was no direct evidence that [Petitioner] shot the victim", but explained that the state prosecuted Petitioner for felonious assault on a theory of natural consequences and intervening causes stemming from Petitioner's conduct that ultimately resulted in harm to the victim. *State v. Spates*, 2015-Ohio-1014, ¶52. That court determined the injury to the victim was a reasonably foreseeable result of Petitioner threatening individuals, brandishing a gun, and continuing to instigate a confrontation, and found that "it is without question that [Petitioner] set into motion the sequence of events" that ultimately caused harm to the victim. (Id. at ¶59). The court also found that the jury was properly instructed on the law at trial regarding natural consequences and intervening causes as a theory to convict Petitioner of felonious assault. The state appellate court concluded that there was sufficient evidence supporting Petitioner's felonious assault conviction. (Id. at ¶¶61-62). Petitioner offers no evidence in his writ of habeas corpus to refute the state appellate court's rejection of his claim that without evidence proving Petitioner actually shot the victim, the state could not prove he is guilty of felonious assault. This Court must defer to the state appellate court's interpretation of Ohio law regarding the theories of natural consequences and intervening causes to convict Petitioner of felonious assault.

In Petitioner's objection to Magistrate Parker's Report and Recommendation, he argued that deference should not be given to the trier of fact's verdict or the Ohio Court of Appeals decision affirming the judgment of the trial court. (ECF # 13 at p. 2). Petitioner argues that because no direct evidence shows that he caused physical harm to the victim, there was insufficient evidence to convict

him of felonious assault, in violation of Ohio Rev. Code §§ 2903.11(A)(1) and (A)(2). The Court does not find the objections raised by Petitioner, which merely reiterate arguments raised before the Magistrate Judge, to be persuasive.

## Conclusion

After careful review of the Record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. The Court ADOPTS the Report and Recommendation of the Magistrate Judge in its entirety. Therefore, Petitioner's Writ of Habeas Corpus petition is DENIED.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529

U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. For the reasons thoroughly discussed in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that this Court's assessment of Petitioner's claim is debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: February 22, 2018

7