IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRANDON SPATES, | Case No. 1:16 CV 1262 |
| Petitioner, | |
| v. | JUDGE DONALD C. NUGENT |
| SHAE HARRIS, Warden, | MAGISTRATE JUDGE THOMAS M. PARKER |
| Respondent. | **REPORT & RECOMMENDATION** |

## I. Introduction

Petitioner Brandon Spates sought a writ of habeas corpus under 28 U.S.C. § 2254, claiming that his convictions and sentences in *State v. Spates*, Case No. CR-13-576749-A violated his constitutional rights. ECF Doc. 1. Warden Shae Harris,[1] the respondent, filed a return of writ. ECF Doc. 9. And Spates filed a traverse. ECF Doc. 11. I recommended that the Court deny Spates' petition in a Report & Recommendation filed on September 13, 2017 (ECF Doc. 12), and the Court issued a Memorandum Opinion adopting the R&R on February 23, 2018. ECF Doc. 15. The Court mailed a copy of the Memorandum Opinion (ECF Doc. 15) to Spates on March 23, 2018. On April 20, 2018, Spates timely filed a notice of appeal to the Sixth Circuit (ECF Doc. 16) and a motion for an extension of time to file his appeal (ECF Doc. 17), which the Court granted on April 27, 2018. On April 26, 2018, Spates filed a "Motion for

---

[1] Shae Harris is the acting warden of Warren Correctional Institution, where Spates is incarcerated. ECF Doc. No. 1 at Page ID# 1.

Reconsideration (Leave Request)," which Spates dated April 21, 2018.  ECF Doc. 18.  Warden Harris filed a response to the motion for reconsideration on May 1, 2018.  ECF Doc. 19.

The matter is before the undersigned by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation on Spates' petition or other case-dispositive motions.  I interpret the motion for reconsideration to be a case-dispositive motion.  Because Spates has failed to identify any clear error of law or newly discovered evidence, no intervening change in controlling law has occurred, and no prevention of manifest injustice is necessary, I recommend Spates' motion for reconsideration and leave request be denied.

## II.     Procedural History

Spates filed his *pro se* petition for writ of habeas corpus in this Court on May 25, 2016.  ECF Doc. No. 1.  The petition raised a single ground for relief:

> There was no physical evidence.  There was no gun shot residue test conducted.  There was no shell casings recovered from the scene or from the vehicle.  The victim testified that the defendant didn't shoot him.  There was [*sic*] no fingerprints or D.N.A. found on the weapon recovered the next morning.

ECF Doc. No. 1 at Page ID# 5.

I recommended that the Court should deny Spates petition for habeas corpus on September 13, 2017.  ECF Doc. 12.  Spates filed objections to the R&R on October 2, 2017.  ECF Doc. 13.  Spates argued that "[t]he Respondent is wrong and should not be given the [*sic*] deference" because there was "*not sufficient evidence* to convicted [*sic*] Petitioner of O.R.C. §2903.11 Felonious Assault (A) (1)" and there was insufficient evidence that Spates shot Mr. Hardrick or knowingly caused him serious physical harm in violation of Ohio Rev. Code § 2903.11 (A)(1).  *Id.* at p.2-3.  Spates also argued that "[t]he State lumped together the instructions to the jury on" Ohio Rev. Code §§ 2903.11(A)(1) and 2903.11(A)(2).  *Id.* at 4.

2

The Court's Memorandum Opinion of February 23, 2018 found Spates' objections to be unpersuasive because they "merely reiterate[d] arguments raised before the Magistrate Judge." ECF Doc. 15 at p. 6.

**III.  Law and Analysis**

    **A. Effect of Notice of Appeal on District Court's Jurisdiction**

Warden Harris argues "this District Court lacks jurisdiction to consider Spates' motion for reconsideration because the motion and relief involve matters related to the merits of Spates' appeal." ECF Doc. 19.  I disagree.

In *Starcher v. Eberlin*, the court described how a petitioner's having filed a notice of appeal affects a district court's jurisdiction.  *Starcher v. Eberlin*, No. 1:05CV1314, 2007 WL 275971, at *1–2 (N.D. Ohio Jan. 25, 2007).  The court stated:

> Additionally, circumstances in which a petitioner files both a Notice of Appeal and a Motion for Reconsideration are governed by Fed. R.App. P. 4(a)(4).  This rule establishes that when a petitioner files a Motion for Reconsideration subsequent to filing a Notice of Appeal, the petitioner's Notice of Appeal is effectively suspended until the Motion for Reconsideration is addressed by the district court.  Fed. R.App. P 4(a)(4) ("If a party timely files in the district court any of the following motions ... the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: ... (iv) to alter or amend the judgment under Rule 59").  Likewise, the Advisory Committee Notes on the 1993 Amendments to Fed. R.App. P. 4(a)(4) explicitly address this issue:
>> The amendment provides that a notice of appeal filed before the disposition of a specified post-trial motion will become effective upon disposition of the motion. A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.
>
> As such, this Court retains jurisdiction to rule on Petitioner's Motion for Reconsideration even though it was filed subsequently to a Notice of Appeal.

*Id*. Pursuant to Federal Rule of Appellate Procedure 4(a)(4), this Court retains jurisdiction to rule on Spates' motion for reconsideration even though it was filed subsequently to his notice of appeal.

### B. Motion for Reconsideration

Courts should not reconsider prior decisions when the motion for reconsideration either renews arguments already considered or offers new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue. *Bozsik v. Bradshaw*, No. 1:03CV1625, 2012 WL 1095512, at *2 (N.D. Ohio Mar. 30, 2012), *aff'd sub nom. Bozsik v. Bagley*, 534 F. App'x 427 (6th Cir. 2013) (citing *McConocha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F.Supp. 1182, 1184 (N.D.Ohio 1996)). However, there are three situations which justify reconsideration: an intervening change in controlling law; the availability of new evidence; and the need to correct clear error or to prevent manifest injustice. *Cook v. All State Home Mortg., Inc.*, No. 106 CV 1206, 2006 WL 3751185, at *4 (N.D. Ohio Dec. 18, 2006) (citing *Plaskon Elec. Materials, Inc., v. Allied–Signal, Inc.*, 904 F.Supp. 644, 669 (N.D.Ohio 1995)).

With his motion for reconsideration, Spates presents no new evidence or arguments as to the single ground for relief he raised in his habeas petition. He does not respond directly to the Report & Recommendation, the Memorandum Order, or the reasons provided therein for the denial of his petition. Rather, Spates again presents the same arguments found in his original petition.

Spates argues that the Court made a factual error by noting that Spates' was seeking relief for insufficient evidence pursuant to Ohio Rev. Code § 2903.11(A)(1) and (A)(2), when, in fact, Spates was found guilty of felonious assault pursuant to Ohio Rev. Code § 2903.11(A)(1) and

4

"'not' guilty" of felonious assault pursuant to Ohio Rev. Code § 2903.11(A)(2). *Id.* This argument is meritless. In the R&R, the undersigned accurately noted that:

> On November 25, 2013, the jury found Spates not guilty of the Count 5 first degree felony offense of discharge of a firearm on or near a prohibited premises but guilty of the lesser included third degree felony offense thereof, in violation of Ohio Rev. Code § 2923.162(A)(3) and (C)(2); not guilty of the Count Three charge of felonious assault under Ohio Rev. Code § 2903.11(A)(2) and the attached firearm specifications; and guilty of all remaining charges. ECF Doc. No. 9-1 at Page ID# 72.

ECF Doc. 12, p. 8. Similarly, the Court noted in its Memorandum Opinion that a "jury found Petitioner [was] not guilty of one felonious assault charge, but was guilty on the remaining charges, including another charge of felonious assault." ECF Doc. 15, p. 2.

Spates also argues that the Court incorrectly addressed his "ground for relief under the theory of Ohio law Not [*sic*] Federal law." ECF Doc. 18, p.2 (emphasis in original). This argument is also meritless. The Supreme Court has instructed courts to conduct habeas review with explicit reference to the substantive elements of the criminal offense as defined by the state law, but it is not a federal court's role to reanalyze the state court's interpretation of state law. *Thompson v. Bock*, 215 F. App'x 431, 436 (6th Cir. 2007). "Rather, our review in such cases is limited to determining whether the evidence was so overwhelmingly in favor of the petitioner that it compelled a verdict in his or her favor." *Id*. Here the Court properly looked to Ohio state law for the substantive elements of the criminal offense, and properly applied federal law when determining whether there was the minimum amount of evidence that the federal Due Process Clause requires.

Because I find that no clear error of law or newly discovered evidence exists, no intervening change in controlling law has occurred, and no prevention of manifest injustice is necessary, I recommend Spates' motion for reconsideration be denied.

## IV. Recommendation

For the foregoing reasons, I recommend that the Court DENY Spates' Motion for Reconsideration (Leave Request).

Dated: May 14, 2018

Thomas M. Parker
United States Magistrate Judge

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).