IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRANDON SPATES, ) | Case No. 1:16 CV 01262 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| vs. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| ) | |
| WARDEN, WARREN CORRECTIONAL ) | |
| INSTITUTION, ) | MEMORANDUM OPINION |
| ) | |
| Defendants. ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Thomas M. Parker. (ECF #20). The Report and Recommendation, issued on May 14, 2018 is hereby ADOPTED by this Court. Petitioner's Motion for Reconsideration (leave request) and Emergency Motion to vacate the magistrate's order for lack of authority are DENIED.

PROCEDURAL HISTORY

Petitioner Spates sought a writ of habeas corpus under 28 U.S.C. § 2254, claiming that his convictions and sentences in State v. Spates, Case No. CR-13-576749-A violated his constitutional rights. ECF #1. Magistrate Judge Thomas Parker recommended the Court deny Spates' petition in a Report and Recommendation filed on September 13, 2017. ECF #12. This Court issued a Memorandum Opinion adopting the R&R on February 23, 2018. ECF #15. On April 20, 2018 Spates filed a timely notice of appeal to the Sixth Circuit. ECF #16. On April 26, 2018, petitioner Spates filed a "Motion for Reconsideration (Leave Request)."[1] The motion was dated April 21, 2018, the day following the filing of the notice of appeal. Warden Harris,

---

[1] Petitioner Spates has not stated pursuant to which rule he has filed his motion. The Court assumes that Petitioner Spates' has filed a Rule 60(b) motion for reconsideration.

respondent, filed a response to the motion on May 1, 2018, asserting that the notice of appeal had divested this Court of Jurisdiction. ECF #19.

Magistrate Judge Parker recommended that Spates' motion for reconsideration be denied as it offered no meritorious arguments. ECF #20. Magistrate Parker found that this Court retained jurisdiction to consider Spate's motion, citing an unpublished opinion in the case *Starcher v. Eberlin*, No. 1:05CV1314, 2007 275971 at *1-2 (N.C. Ohio Jan. 25, 2007) which quoted the Advisory Committee Notes on the 1993 Amendments to Fed. R.App. P. 4(a)(4) ("the amendment provides... . A notice filed before the filing of one of the specified motions... is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals").

After receiving Magistrate Judge Parker's R&R and outside of the 14-day window for properly filing a timely objection, Petitioner Spate filed an emergency motion to vacate the Magistrate Judge's report and recommendation for lack of jurisdiction. ECF #22. Respondent Warden responded to the motion to vacate, asserting that Spate's timely appeal to the Sixth Circuit divested this Court of jurisdiction and, further, that Spate's motions lacked merit. ECF 23.

**STANDARD OF REVIEW FOR A MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendations of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) states:

> The district judge must determine *de novo* any part of the
> magistrate judge's dispositions that has been properly objected to.
> The district judge may accept, or modify the recommended
> disposition; receive further evidence; or return the matter to the
> magistrate judge with instructions.

## DISCUSSION

This Court conducted a *de novo* review of this case and has considered all of the pleadings and filings of the parties. After careful evaluation of the record, the Court adopts the Report and Recommendation.

### A. Jurisdiction

This Court retains jurisdiction to dispose of Petitioner's motions. Respondents correctly assert that "filing a timely and sufficient appeal notice immediately transfers the jurisdiction of all matters relating to the appeal from the District Court to the Court of Appeals." ECF #19. *See Marrese v. American Academy of Osteopathic Surgeons*, 470 U.S. 373 (1985), citing *Griggs v. Provident Consumer Discount Company*, 459 U.S. 56, 58 (1982) (*per curium*). "It is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal." *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Department of Natural Resources*, 71 F.3d 1197, 1203 (6th Cir. 1995).

This Court has the discretion to retain jurisdiction over the motion for reconsideration to clean up the docket. *See Adkins v. Jeffreys*, 327 Fed.Appx. 537 (6th Cir. 2009). In *Adkins*, the Sixth Circuit determined that, because Petitioner's Rule 60(b) motion was filed in the district court while an appeal was pending, the district court was divested of jurisdiction to rule on the motion. However, the Sixth Circuit held that "the decision of whether to consider the post-judgement motion while an appeal is pending is within the district court's discretion, and there is

no error if the district court decides to let the appeal run its course," that the lower court in Adkins properly exercised its discretion in considering the motion on its merits, and that there "was no abuse of discretion in the district court's denial of Adkins' motion." *Id* at 539-40, *citing LSJ Investment Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999). Magistrate Judge Parker and this Court properly have the discretion to consider Petitioner Spates' motions on their merits.

B. **Motion for Reconsideration**

Courts should not reconsider prior decisions unless new evidence becomes available, there is an intervening change in controlling law, or there is a need to correct clear error or to prevent manifest injustice. ECF #20 at 4. No such factors are present in this case. Petitioner Spates presents no new evidence or arguments as his ground for relief raised in his habeas petition, nor does he respond directly to the previous Report and Recommendation or Memorandum Order. *Id*. The Court did not err in noting that Spates' was seeking relief for insufficient evidence pursuant to Ohio Rev. Code § 2903.11(A)(1). Additionally, the Court properly looked to Ohio state law for the substantive elements of the criminal offense, and properly applied federal law when determining whether there was the minimum amount of evidence that the federal Due Process Clause requires. *See Thompson v. Bock*, 215 F. App'x 431, 436 (6th Cir. 2007).

Because no clear error of law or newly discovered evidence exists, no intervening change in controlling law has occurred, and no prevention of manifest injustice is necessary, Spate's motion for reconsideration is denied.

4

C. **Emergency Motion to Vacate**

Likewise, Spates' emergency motion to vacate is also denied. As it is within this Court's discretion to exercise jurisdiction and rule on Spates' motion on its merits, Spates' emergency motion to vacate the R&R for lack of jurisdiction is improper. Spates' also asserts that the Magistrate Judge lacked authority to adjudicate the motion for reconsideration as it was not a pre-trial matter. However, pursuant to LR 72.2 (b), pro se habeas petitions are automatically referred and assigned to Magistrate Judges. Further, at the time of Spates' filing the 14-day window to file objections to Magistrate Judge Thomas's R&R had closed, and as such his motion was not timely filed.

### CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should

5

have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

**CONCLUSION**

This Court has reviewed the Report and Recommendation and adopts the findings set forth therein. Accordingly, the Report and Recommendation of Magistrate Judge Thomas M. Parker (ECF #20) is hereby ADOPTED. Plaintiff's Motion for Reconsideration (leave request) (ECF #18) and Emergency Motion to Vacate Magistrate Judge's Order (ECF #22) are hereby DENIED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: June 27, 2018